**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re:

Zurn Pex Plumbing Products
Liability Litigation

**MEMORANDUM OPINION**
**AND ORDER**
MDL No. 08-1958 ADM/RLE

_____

Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN, appeared for and on behalf of the Plaintiffs.

James A. O'Neal, Esq., Faegre & Benson LLP, Minneapolis, MN, appeared for and on behalf of the Defendants.

_____

**I.  INTRODUCTION**

On November 19, 2008, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion to Compel 30(b)(6) Deposition and Identity of 30(b)(1) Deponent [Docket No. 15].  Defendants Zurn Pex, Inc. and Zurn Industries, Inc. (collectively "Zurn") argue that Plaintiffs have failed to demonstrate how the deposition would lead to relevant discoverable evidence and that the discovery sought contravenes prior discovery orders.  For the reasons set forth below, Plaintiffs' motion is granted.

**II. BACKGROUND**

This litigation alleges that Zurn's design and choice of materials for use in brass plumbing fittings caused damage to Plaintiffs' property.  This discovery dispute involves two separate requests for production by the Plaintiffs.  The first is a request to compel Zurn to produce a designee to be deposed on the subject of whether it preserved evidence and whether evidence has been destroyed since the time that Zurn anticipated litigation in 2004.  The second

seeks to compel Zurn to identify the author of an email which describes the selling of Zurn fittings as "playing Russian roulette."

**A.      Rule 30(b)(6) Deposition Notice on 2004 Evidence Retention**

In 2004, Zurn's General Counsel, Lillian Macia ("Macia"), counseled Zurn that the increased frequency of warranty claims on Zurn's brass fittings was creating an identifiable risk of litigation regarding these fittings. Raiter Aff. [Docket No. 18] Ex. A (Macia Aff.) ¶¶ 8, 9. She advised Zurn to retain IMR, an independent metallurgical laboratory, to analyze selected brass fittings that had been submitted with warranty claims. Id. at ¶ 10. The privilege log submitted by Zurn indicates that this process began in the fall of 2004. Raiter Aff. Ex. B (privilege log).

The initial case in this MDL was Cox v. Zurn Pex, Inc., case no. 07-3652, filed as a putative class action in August 2007. Magistrate Judge Raymond L. Erickson ordered the parties to engage in focused discovery on the issue of class certification. October 26, 2007 Order [Cox Docket No. 22] at 8. Zurn provided Plaintiffs with a letter confirming that Zurn issued a document preservation notice once the Cox case had commenced, and it described Zurn's general practice of backing up electronically stored information. Connolly Aff. [Docket No. 28] Ex. A at 3-10. Zurn did not, however, issue a company wide document retention notice at the time it retained IMR in 2004. Raiter Aff. Ex. D. Plaintiffs now seek to depose a corporate representative regarding document retention practices and potential spoliation issues surrounding the lack of a document retention notice in 2004.

**B.      Rule 30(b)(1) Disclosure of "Russian Roulette" Email Author**

On February 2, 2006, Zurn's Vice President of Sales, Patrick Sauer ("Sauer"), received

an email from a distributor regarding the failure of Zurn's brass plumbing fittings.  Raiter Aff. Ex. E.  The author of the email expresses his opinion that Zurn should focus its investigation on metallurgical properties of the fittings as opposed to water quality issues.  Id.  Plaintiffs requested that Zurn provide them with the name of the author so that they could depose him.  Id. Ex. D.  Sauer contacted the author of the email who told Sauer that he did not want his name disclosed to Plaintiffs.  Sauer Aff. [Docket No. 29] ¶¶ 2, 3.  Accordingly, Zurn has not provided Plaintiffs with the identity of the author.

### III. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Plaintiffs seek to depose a corporate representative regarding document preservation practices and potential evidence spoliation following the retention of IMR in 2004 and the identity of author of the "Russian roulette" email.  Zurn argues that (1) Plaintiffs have no reason to believe evidence has been destroyed, (2) the requests are not reasonably calculated to lead to the discovery of relevant evidence, (3) the requests are unreasonably burdensome, and (4) the requests violate prior discovery orders.

**A.     Rule 30(b)(6) Deposition Notice on 2004 Evidence Retention**

Plaintiffs seek to depose a witness to determine whether any discoverable evidence has been destroyed as a result of Zurn not issuing a preservation of evidence notice in 2004.  They refer to the spoliation standard for the proposition that "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation" creates a duty to preserve evidence.  E*Trade Securities LLC

v. Deutsche Bank, 230 F.R.D. 582, 587 (D. Minn. 2005) (quotation omitted). Zurn counters Plaintiffs have made no showing that evidence has actually been destroyed, and it is premature to raise spoliation given the high standard of intentional destruction and bad faith necessary to prove such an accusation. See Stevenson v. Union Pacific R. Co., 354 F.3d 739, 746 (8th Cir. 2004). Nevertheless, Plaintiffs reasonably seek to depose a Zurn representative to determine if discoverable evidence has been inadvertently destroyed and attempt to open avenues to address any potential damage. A deposition limited in scope could uncover other relevant and discoverable evidence.

The Court is mindful of the potential that a deposition could become burdensome. In light of this concern, Plaintiffs are required "to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000). Contrary to the representations in Zurn's brief, Plaintiffs have circumscribed their request to information concerning the "identified risk of litigation for Zurn Pex, Inc. with respect to its brass fittings." Raiter Aff. Ex. C. The Court will allow this deposition to the extent Plaintiffs confine their inquiries to the litigation threat identified in 2004 as it relates to Zurn's brass fittings.

Finally, Zurn argues that because the deposition topics include testimony about electronic documents and electronically stored information, allowing the requested deposition would contravene Judge Erickson's October 26, 2007 Order. In that order, Judge Erickson determined that "the parties are not foreclosed from discovering relevant, electronically stored information but, in the first instance, and absent a showing of easy accessibility at an affordable cost, the first focus should be upon non-electronically stored information." October 26, 2007 Order at 9. A

30(b)(6) deposition is the proper approach to address the concerns raised in the October 26, 2007 Order. Instead of requiring Zurn to engage in a massive electronic information dump, Plaintiffs can narrow the scope of discoverable evidence by deposing a decidedly non-electronic human. For these reasons, Plaintiffs' Motion to Compel 30(b)(6) Deposition is granted.

**B.        Rule 30(b)(1) Disclosure of "Russian Roulette" Email Author**

Zurn argues that the identity of the author of the "Russian roulette" email is protected by a prior order of the Court because he is a warranty claimant. March 21, 2008 Order [Cox Docket No. 65]. But that order, as well as the Report and Recommendation [Cox Docket No. 64] which it adopted, only barred the disclosure of the names for "**all** of the warranty claimants." (Emphasis in original). The question before the Court is not whether Plaintiffs are entitled to the names of every warranty claimant as was the issue in the March 21, 2008 Order, but rather whether Plaintiffs can depose **one** Zurn distributor to discover evidence about Zurn's water defense. This request is both relevant, reasonable, and does not contravene the March 21, 2008 Order, which only prevented Plaintiffs from obtaining the names of **all** the warranty claimants. For these reasons, Plaintiffs' Motion to Compel the Identity of 30(b)(1) Deponent is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel 30(b)(6) Deposition and Identity of 30(b)(1) Deponent [Docket No. 15] is **GRANTED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 26, 2008.