UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re:   Zurn Pex Plumbing Products           **MEMORANDUM OPINION**
         Liability Litigation                 **AND ORDER**
                                              MDL No. 08-1958 ADM/RLE

---

Shawn M. Raiter, Esq., Larson King, LLP, St. Paul, MN, appeared for and on behalf of Plaintiffs.

James A. O'Neal, Esq., Faegre & Benson LLP, Minneapolis, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

On April 21, 2009, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion to Compel Certain Documents Withheld on Grounds of Privilege [Docket No. 46]. Defendants Zurn Pex, Inc. and Zurn Industries, Inc. (collectively "Zurn") argue that these documents are not discoverable due to attorney-client privilege and the work-product doctrine. For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

## II. BACKGROUND

This litigation alleges that Zurn's design and choice of materials for use in brass plumbing fittings caused damage to Plaintiffs' property. In response to a previous discovery dispute, Magistrate Judge Raymond L. Erickson ordered that Zurn produce certain documents and that the remaining documents were protected by the attorney-client privilege and the work-product doctrine. Cox v. Zurn Pex, Inc., No. 07-3652 [Docket No. 78] (the "July 28, 2008 Order"). Zurn subsequently filed a supplemental privilege log containing documents not

considered by Judge Erickson.  The parties have met and conferred and now dispute the production of twenty documents based on their competing understandings of the July 28, 2008 Order.  Zurn has submitted the disputed documents to the Court for in camera review.

### III. DISCUSSION

A party asserting the attorney-client privilege or protection under the work-product doctrine has the burden to provide a factual basis for the privilege or protection.  Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985); In re Grand Jury Proceedings, 655 F.2d 882, 886-87 (8th Cir. 1981).  Rule 26(b)(5) of the Federal Rules of Civil Procedure specifies that a party must make a privilege or work-product claim "expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."  A party can meet this burden by "produc[ing] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel."  Rabushka ex. rel United States v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997).

For the attorney-client privilege to apply to a given communication, the attorney must be acting in her capacity as legal counsel.  See Minn. Stat. § 595.02 subd. 1(b).  Client communications "intended to keep the attorney apprised of business matters may be privileged if they embody an implied request for legal advice."  Simon v. G.D. Searle & Co., 816 F.2d 397, 404 (8th Cir. 1987) (quotations omitted).  The work-product doctrine, on the other hand, is broader than the attorney-client privilege and seeks to protect materials that "were prepared in anticipation of litigation, i.e. because of the prospect of litigation."  PepsiCo, Inc. v. Baird,

Kurtz, & Dobson, LLP, 305 F.3d 813, 817 (8th Cir. 2002).

For the purposes of analyzing this motion, the parties have divided the documents into three groups: (1) the Cartwright documents; (2) Zurn's internal analyses of water testing; and (3) communications with in-house counsel.

**A.      The Cartwright Documents**

After reviewing the documents and Judge Erickson's July 28, 2008 Order, the Court finds the work-product doctrine does not apply to most of these documents. The Cartwright documents are similar to the documents prepared by AADFW, Inc. and Metallurgical Engineering Services, Inc.,[1] they were not prepared in anticipation of litigation. Accordingly, Supplemental Privilege Log Document Numbers 805-807 and 890 should be produced. Document Number 812, however, references litigation and appears to have been drafted in its anticipation and, accordingly, is protected under the work-product doctrine.

**B.      Zurn's Internal Analyses of Water Testing**

Plaintiffs argue that the documents regarding Zurn's internal analyses of water testing were prepared in the ordinary course of business in response to warranty claims rather than in anticipation of litigation. Zurn seeks to withhold these documents on the basis of the work-product doctrine. Upon review of the documents, the Court finds they were created in response to anticipated litigation. Accordingly, Zurn is not required to produce Document Numbers 809-

---

[1] Zurn has submitted the affidavit of Lillian Macia in which she avers that Zurn hired Cartwright in anticipation of the litigation risk. Macia Aff. [Docket No. 52] ¶ 5. The work-product status of the final Cartwright report was addressed by Judge Erickson in the July 28, 2008 Order, and neither Zurn nor Macia asserted then that Cartwright had been retained in anticipation of litigation. The Court finds that the documents referenced above should be produced for the reasons stated by Judge Erickson. See July 28, 2008 Order at 6-7.

811 and 814 because they are protected work-product.

**C.      Communications with In-House Counsel**

The final set of documents the parties dispute involve communications that included Zurn's in-house counsel, Lillian Macia or Wayne Aaron. Zurn argues that these documents are protected by attorney-client privilege and, in some cases, the work-product doctrine as well. Document Numbers 817, 828, 829, 846, 889, and 894 are emails to or from Zurn's in-house counsel that discuss strategy and litigation concerns. As such, they are protected under the attorney-client privilege. Document Numbers 827, 844, and 851 are handwritten notes of telephone calls with in-house counsel regarding follow-up on litigation concerns and are likewise protected under the attorney-client privilege. The remaining documents do not fall under the attorney-client privilege. Document Number 913 involves a warranty claim and a reference to Wayne Aaron. There is, however, no indication that Aaron was being consulted in his attorney role rather than in his role of reviewer of subrogation claims. Finally, Document Number 925 consists of the handwritten notes by Trevor Johnson, a Zurn employee, but nothing indicates that in-house counsel was involved in the communication to which Johnson's notes pertain. For these reasons, the attorney-client privilege does not attach to Documents Numbers 913 and 925.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Certain Documents Withheld on Grounds of Privilege [Docket No. 46] is **GRANTED** in part. Zurn is directed to produce Document Numbers 805-807, 890, 913, and 925 as identified in the Supplemental Privilege Log.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 1, 2009.